IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

VICKI GAIL PETERSEN,

    Plaintiff,

                          1:14-CV-452-PK

                          OPINION AND
v.                         ORDER


COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

PAPAK, Magistrate Judge:

Plaintiff Vicki Gail Petersen filed this action against defendant Commissioner of the Social Security Administration on March 20, 2014, seeking judicial review of the Commissioner's decision finding her not disabled for purposes of entitlement to disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). On January 16,

Page 1 - OPINION AND ORDER

2015, I reversed the Commissioner's decision and remanded this matter for further proceedings. Petersen moved unopposed for an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA") on April 16, 2015, and I granted the motion on April 30, 2015, authorizing award of fees to Petersen's counsel pursuant to the EAJA in the amount of $1,767.55. Effective July 20, 2017, the Commissioner determined that Petersen was disabled for purposes of DIB entitlement, and awarded Petersen retroactive benefits in the amount of $87,336.00.

Now before the court is Petersen's unopposed motion (#27), filed pursuant to 42 U.S.C. § 406(b), for approval of payment to her counsel out of her retroactive benefits award of $87,336.00 the amount of $15,834.00,[1] less an administrative deduction of $6,000 already assessed by the Commissioner pursuant to 42 U.S.C. § 406(d) and less the $1,767.55[2] EAJA fees already received by counsel, or $8,066.45. I have considered the motion and all of the evidence in the record. For the reasons set forth below, the motion is granted as discussed below, and payment to Petersen's counsel of attorney fees in the amount of $8.066.45 is approved.

## ANALYSIS

Pursuant to 42 U.S.C. § 406(b), Petersen's counsel seeks the court's approval of payment to her of attorney fees out of Petersen's retroactive benefits award in the amount of $8,066.45.[3]

---

[1] This amount represents 18.13% of the retroactive benefits award *qua* contingency fee. Pursuant to her fee agreement with Petersen, Petersen is entitled to request a contingency fee in the amount of 25% of the retroactive benefits award of $87,336, or $21,834.

[2] Counsel actually requests that $1,787.95 be deducted from the requested contingency amount of $15,834.00, but in fact $20.40 of that amount was not properly characterized as EAJA fees but rather as reimbursement of costs, and therefore need not be deducted from the contingency amount.

[3] Counsel in fact requests award of Section 406(b) fees in the total amount of $7,906.00. However, as noted above, counsel mistakenly reduced the amount of her request by the amount

Page 2 - OPINION AND ORDER

This amount, as noted above, is less than the amount of the 25% contingency fee to which Petersen's counsel is entitled pursuant to her fee agreement with Petersen (which fee counsel has not yet received), and reflects deduction of an administrative fee of $6,000 from the contingency amount pursuant to 42 U.S.C. § 406(d) as well as payment to counsel of EAJA fees in the amount of $1,767.55.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). By contrast with fees awarded pursuant to the EAJA, a fee-shifting statute, Section 406(b) fees are paid out of the retroactive benefits awarded to the successful Social Security claimant. *See id.* Counsel representing Social Security claimants may not seek compensation from their clients for trial litigation other than through a Section 406(b) fee. *See id.* In the event that both an EAJA fee is awarded and a Section 406(b) fee payment is approved, the claimant's counsel must refund to the claimant the amount of the smaller of the two payments. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Any Section 406(b) fee must be approved by the court following analysis of its reasonableness before it may be paid. *See* 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court established that the reasonableness of a Section 406(b) contingency fee is not to be determined primarily by reference to the lodestar method which

---

of $20.45 in costs; in addition, due to an apparent error of arithmetic, counsel further reduced the amount of her request by an additional $160.45 not required under the applicable circumstances.

Page 3 - OPINION AND ORDER

generally governs fee-shifting disputes. *See Gisbrecht*, 535 U.S. at 801-802. Instead, to the extent contingency fee agreements do not provide for fees exceeding 25% of claimants' retroactive benefits, their terms are fully enforceable subject only to the court's review "to assure that they yield reasonable results in particular cases." *Id.* at 807. It is the claimant's counsel's burden to establish the reasonableness of the calculated fee. *See id.*

In assessing the reasonableness of a Section 406(b) fee, courts look first to the contingency fee agreement itself, and then may reduce the resulting award "based on the character of the representation and the results the representative achieved." *Id.* at 808. The claimant's counsel bears the burden to establish the reasonableness of a Section 406(b) fee. *See id.* at 807.

The *Gisbrecht* court provided, as examples of circumstances that could justify a downward reduction, situations in which the attorney was responsible for delay or in which "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* The court specified that "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id., citing Rodriquez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989) (*en banc*).

The Ninth Circuit's *en banc* decision in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), applied the *Gisbrecht* reasonableness analysis. The *Crawford* court affirmed *Gisbrecht*'s holding that it is error to determine the reasonableness of a Section 406(b) fee by the metric of the lodestar method. *See Crawford*, 586 F.3d at 1150.

Page 4 - OPINION AND ORDER

Here, Petersen entered into a contingency fee agreement with her counsel providing for payment of 25% of her retroactive benefits to her attorney in the event of a favorable outcome following federal litigation. It therefore now falls to the court to assess whether $15,834.00 constitutes reasonable compensation for Petersen's counsel in light of the factors discussed in *Gisbrecht* and *Crawford*.

## I. Timeliness of Counsel's Motion

Counsel's motion was untimely filed. Pursuant to Local Social Security Rule 4000-8, counsel was required to file her motion within sixty days after her receipt of notice of Petersen's award of retroactive benefits, or April 23, 2018. Counsel's motion was filed August 17, 2018.

Counsel attributes the untimeliness of her motion to clerical error and other complications. *See* Declaration of Marlene R. Yesquen, ¶4. No party asserts that any prejudice has inured to any person, including Petersen, in consequence of the untimeliness of counsel's motion. I find under all of the circumstances that good cause exists for considering the merits of counsel's motion notwithstanding its untimeliness. *See* L.S.S.R. 400-8.

## II. Reasonableness of the Requested Section 406(b) Fees

### A. Character of the Representation

#### 1. Quality of Attorney Performance

As *Gisbrecht* and *Crawford* both make clear, substandard performance by a legal representative warrants a reduction in a Section 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Here, there is no indication in the record that Petersen's counsel's representation of her client was in any way substandard. No reduction in the Section 406(b) fee is therefore warranted due to the character of counsel's legal representation.

## 2. Dilatoriness

A Section 406(b) award may properly be reduced if any delay in proceedings is properly attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Here, Petersen's counsel caused no delay in any proceedings before this court, and no party has suggested that counsel otherwise caused any delay in any other proceeding in connection with Petersen's DIB application. In consequence, no reduction in the requested award is appropriate on the basis of attorney-attributable delay.

### B. Proportionality of Benefits Awarded to Attorney Time Spent

The *Gisbrecht* and *Crawford* courts both held that a Section 406(b) award could be reduced if the benefits awarded to the Social Security claimant were out of proportion to the time spent by the claimant's attorney. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Although neither court's opinion provides significant guidance as to how to measure such disproportionality, *Gisbrecht* established, *see* 535 U.S. at 808, and *Crawford* affirmed, *see* 586 F.3d at 1151, that records of attorney time expended and a statement of the attorney's normal hourly fee in non-contingent matters could be considered in this connection, but only as an "aid" in assessing the reasonableness of the award provided in the contingency fee agreement.

As noted above, the *Gisbrecht* and *Crawford* courts made clear that the lodestar method is an inappropriate metric for determining the proportionality of Section 406(b) compensation. *See Gisbrecht*, 535 U.S. at 801-802; *Crawford*, 586 F.3d at 1150. Indeed, considered in isolation, the product of the lodestar calculation can at best be of extremely limited utility in assessing the reasonableness of a contingency fee. The lodestar method of calculating fees is designed for use under circumstances in which it is intended that an attorney be compensated

Page 6 - OPINION AND ORDER

strictly for time expended rather than on the basis of results achieved, milestones reached, or any of the myriad other bases on which clients may permissibly compensate their legal representatives, and where the probability of nonpayment is both low and unrelated to the attorney's ultimate success or failure. By contrast, the method authorized under Section 406(b) is one designed to compensate attorneys commensurately with results achieved, and to take into account the risk of failure, in which case no compensation is available. It follows that the fact (standing alone) that a fee calculated according to the lodestar method may differ from a fee calculated according to a contingency fee agreement is uninformative as to whether the contingency fee might be disproportionate.

In light of the reasoning of *Gisbrecht* and of *Crawford*, it is clear that the disproportionality analysis should not directly address the absolute amount of the requested Section 406(b) fee, since that fee is always a maximum of 25% of the retroactive benefits award, and must instead necessarily address primarily the effective requested hourly rate that may be back-derived by dividing the putative contingency award by the number of hours spent in pursuing it. Although that effective requested hourly rate cannot usefully be compared directly to a reasonable hourly fee to determine its proportionality, it is appropriate to posit that an effective requested hourly rate is not disproportionately high if it is less than or equal to the product of a reasonable hourly rate for non-contingent matters and the reciprocal of the pre-litigation probability that litigation would lead to a favorable result, based on the particular facts presented in a given case.[4] That is, an effective requested hourly rate cannot be disproportionately high if it

---

[4] Thus, if $100 were a reasonable hourly rate of compensation for non-contingent matters, an effective requested hourly rate would not be disproportionate in light of the risk a particular contingency matter presented if, *e.g.*, the probability of a favorable outcome was 25%

Page 7 - OPINION AND ORDER

does not overcompensate an attorney for the risk that the attorney assumed (at the time the representation was undertaken) that the attorney would ultimately receive no compensation for his or her services. An attorney is not overcompensated for such risk if the pre-litigation expected value of the representation – the probability of a favorable result times the compensation that would be received in the event of a favorable result – does not exceed the product of the appropriate hourly rate and the expected number of hours required.

In addition to giving cognizable effect to the *Gisbrecht* court's suggestion that an attorney's normal hourly rate could bear materially on the disproportionality analysis, *see Gisbrecht*, 535 U.S. at 808, and to the *Crawford* court's suggestion that case-specific risk could be a material factor in assessing the reasonableness of a Section 406(b) fee, *see Crawford*, 586 F.3d at 1152-1153, measuring the relationship between a reasonable hourly fee for non-contingent matters and the effective requested hourly rate by reference to the case-specific risk of an unfavorable result has the benefit of providing a useful metric for assessing proportionality: a contingency fee award is disproportionately high where it disproportionately overcompensates for the pre-litigation risk of an unfavorable result. I therefore assess the proportionality of the fee requested in this action to the time expended in litigation by reference to this risk-assessment metric.

Here, Petersen's counsel offers evidence that Petersen's attorneys expended a total of 23.6 hours in litigating Petersen's petition for judicial review. Compensation for 23.6 hours of work in the amount of $15,834.00 (the total amount of compensation Petersen's counsel seeks under

---

(or a one in four chance) and the effective requested hourly rate did not exceed $400 (or four times the reasonable hourly rate).

both the EAJA and Section 406(b), as adjusted for attorney-attributable delay) in a non-contingency context would reflect an hourly rate of $670.93. The contingency fee agreement between Petersen and her counsel indicates that her ordinary compensation rate is $400.00/hour, and counsel provides evidence tending to suggest that attorneys of her experience and within her geographic area typically command a rate of $247.00/hour. In addition, counsel provides evidence tending to suggest that the pre-litigation risk of an unfavorable outcome was 70.32%. I do not find any grounds for failing to credit that assessment of pre-litigation risk.

In light of the pre-litigation risk of an unfavorable outcome, the requested award would constitute disproportionate compensation only in the event the hourly rate back-derived from the total requested contingency fee of $15,834.00 exceeded $832.21 (the product of the reasonable rate of $247/hour and the reciprocal of the pre-litigation probability of a favorable outcome). Because the back-derived rate is $670.93/hour, the requested award is not subject to reduction on disproportionality grounds.

### C. Appropriate Fee

For the foregoing reasons, I find that the contingency fee agreement in place between Petersen and her counsel is within the statutory limits provided in 29 U.S.C. § 406(b), and that the fee provided therein (as voluntarily reduced by Petersen's counsel) is reasonable. The motion

///

///

///

///

///

Page 9 - OPINION AND ORDER

for approval of Section 406(b) fees is therefore granted, and payment to Petersen's counsel of $8,066.45 from Petersen's retroactive fee award is approved.

## CONCLUSION

For the reasons set forth above, the motion (#27) for approval of Section 406(b) attorney fees is granted, and payment to Petersen's counsel of $8,066.45 from Petersen's retroactive benefits award is approved.[5]

Dated this 17th day of September, 2018.

Honorable Paul Papak
United States Magistrate Judge

---

[5] Because the approved fee award includes a deduction for the EAJA fees already received by Petersen's counsel, no refund to Petersen of any amount of the Rule 406(b) fee award herein to reflect counsel's receipt of EAJA fees is required. The award also includes a Section 406(d) administrative deduction assessed by the Commissioner.